UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Jay David Sallen d/b/a J.D.S. Enterprises,<br><br>Plaintiff,<br><br>v.<br><br>Corinthians Licenciamentos LTDA<br><br>Defendant. | Civil Action No.<br><br>00cv11555WGY |

## COMPLAINT

### Nature of the Case

By his Complaint, Jay David Sallen d/b/a J.D.S. Enterprises, seeks declaratory relief, as set forth below, to establish that his registration and use of the domain name "corinthians.com" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d).

### The Parties

1.  Plaintiff Jay David Sallen d/b/a J.D.S. Enterprises, ("JDS"), is an individual residing at Brookline, Massachusetts.

2.  Defendant Corinthians Licenciamentos LTDA , ("CL"), is a corporation with its principal offices at Alameda Santos 2224, 1st floor, Suite 12, 01418-200 Sao Paulo, Brazil.



## Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331. The plaintiff seeks a declaration, pursuant to 15 U.S.C, §1114(D)(v) and 28 U.S.C. § 2201, that his registration and use of the domain name "corinthians.com" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d). In addition, CL agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding with the World Intellectual Property Organization Arbitration Forum concerning the plaintiff's right to register the domain name "corinthians.com".

4. Venue is proper in the District of Massachusetts under 28 U.S.C. §1391(b)(1) because the plaintiff is an individual that is deemed to reside in this District pursuant to 28 U.S.C. §1391(c). Venue is also proper in the District of Massachusetts pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District and a substantial part of the property that is the subject of this action is situated in this District. In addition, CL agreed that venue is proper in this Court when it filed its complaint with the World Intellectual Property Organization Arbitration Forum concerning the plaintiff's right to register the domain name "corinthians.com".

## Facts

5. An Internet domain name is a mnemonic address useful for several purposes in connection with operating a computer connected to the Internet. Internet domain names were developed and are used to provide a memorable

sequence of alphanumeric characters so that humans do not have to remember numeric codes in order to specify the location of computer resources on the Internet.

6. Uses of Internet domain names include providing a means of access to information via the Internet and specifying a destination for electronic mail, among other uses thereof.

7. Internet domain names are arranged according to a hierarchy which includes a "top-level" domain of ".com" preceded by a "second-level" domain which can be registered to a party in accordance with procedures coordinated by the Internet Corporation for Assigned Names and Numbers (ICANN), a California public-benefit corporation operating pursuant to a Memorandum of Understanding with the U.S. Government.

8. Internet domain names in the second-level above ".com" are available to registration by any party on a "first-come, first-served" basis.

9. A party obtaining an Internet domain name is able to set up additional levels of addressing. For example, a party obtaining a domain name such as "example.com" is enabled to provide additional addresses such as "this.example.com" or "that.example.com". Such addresses can be used to access resources on the Internet known as "web sites", among other things. Hence, such a party having "example.com" and suitable technical facilities may then offer custom "web hosting" to persons desiring the use the term "example" in the address of their web site accessible via the domain name system.

10. A party obtaining an Internet domain name is further enabled to provide electronic mail services to such addresses as "username@example.com", "username@this.example.com", and the like. Such a party may then offer electronic mail services to persons desiring to use the term "example" in their electronic mail address.

11. There are many ways in which domain names may be employed. There is no requirement for domain names or web sites to be used commercially, nor is there any requirement for a domain name to correspond to an active web site or an active email address.

12. A legitimate business practice on the Internet is to obtain a portfolio of domain names corresponding to common words, phrases, first names, surnames, colloquialisms, and fanciful terms, and to offer third-level domain addresses and email addresses to the public.

13. Common words and phrases are desired for such addresses among various potential customers having an affinity for a particular word in connection with its literal primary meaning or import, for use as so-called "vanity" email addresses or web site addresses.

14. On August 6, 1998, Plaintiff registered the domain name "corinthians.com" through an ICANN-accredited domain name registrar, Network Solutions, Inc.

15. "Corinthian" is a noun meaning a native or resident of Corinth, Greece or a gay profligate man or fashionable man about town or amateur yachtsman.

16. "Corinthian" may also be used to as an adjective with the following descriptions: a. of relating to, or characteristic of Corinth or Corinthians; b. of relating to, the lightest and most ornate of the three Greek orders of architecture

17. " Corinthians" is a noun of biblical significance.

18. Plaintiff registered the domain name "corinthians.com" with no knowledge of the existence of Defendant, Defendant's business, or Defendant's claim to specific uses of the term "Corinthians" in connection with defined goods and services.

19. Plaintiff registered the domain name "corinthians.com" based upon its primary literal and generic significance.

20. Custom web hosting, third-level domain registrations, and email services under the "corinthians.com" domain name would be desirable to potential customers wishing to associate themselves with, or indicate an affinity to, various kinds of social, religious, or cultural traditions.

21. Plaintiff has accumulated a portfolio of domain names for use in offering third-level Internet addresses, email addresses, and the like, to members of the public desiring to make use of such addresses.

22. Plaintiff has selected domain names for his portfolio based on his perception of the desirability of such terms in accordance with such criteria as their primary literal and generic meanings, humorous connotations, potential appeal to customers having various names or surnames, and the like.

23. Plaintiff has not intentionally sought to profit on the basis of goodwill accruing to any trademark holder.

24. Defendant alleges ownership of a Brazilian Trademark for the mark "Corinthiao".

25. Defendant is not the sole and exclusive owner of U.S. trademark registrations incorporating or consisting of the term "Corinthians".

26. There are more than 23 registered and pending U.S. trademark applications incorporating or consisting of the term "Corinthians" in connection with diverse goods and services.

27. The term "Corinthians" is not solely and exclusively associated with Defendant's goods and/or services among Internet users.

28. Defendant has not engaged in any commerce relating to Internet services such as offering third-level Internet addresses or email addresses.

29. Plaintiff has engaged in no commerce relating to the defendant's business of soccer and football.

30. Plaintiff has had no intention to use the domain name "corinthians.com" in connection with soccer or football.

31. On or about June, 2000, CL filed an administrative complaint with the World Intellectual Property Organization Arbitration Forum pursuant to ICANN's Uniform Domain Name Dispute Resolution Policy (the "ICANN Policy"). In its Complaint, CL claimed that the plaintiff's registration of "corinthians.com" violated CL's trademark of the words "corinthians".

32. By decision dated July 20, 2000, an arbitrator with the World Intellectual Property Organization Arbitration Forum issued a decision directing that the registration of "corinthians.com" be transferred to CL.

## Count I

## (Declaration Under Anticybersquatting Consumer Protection Act)

33. The plaintiff realleges and incorporates by reference herein paragraphs 1-32 above.

34. In registering the domain name "corinthians.com," the plaintiff did not have a bad faith intent, as provided in 15 U.S.C. §1125(d)(1)(A)(i), to profit from CL's trademark of the words "conrinthians" for (description of CL's product).

35. The domain name "corinthians.com" is not identical, confusingly similar to, or dilutive, as provided in 15 U.S.C. §1125(d)(1)(A)(ii), of CL's Brazilian trademark of the words "corinthiao."

36. The plaintiff believed and had reasonable grounds to believe that his registration and use of the domain name "corinthians.com" was a fair use or otherwise lawful use, as provided in 15 U.S.C. §1125(d)(1)(B)(ii).

37. As required by 15 U.S.C. §1114(2)(D)(v), the plaintiff has given notice to CL of the plaintiff's intent to file an action to establish that the plaintiff's registration and use of the domain name "corinthians.com" is not unlawful under the Anticybersquatting Consumer Protection Act.

## Count II

### (Declaratory Judgment)

38.     The plaintiff realleges and incorporates by reference herein paragraphs 1-38 above.

39.     A dispute exists between the plaintiff and CL concerning the plaintiff's right to register and use the domain name "corinthians.com." As a consequence of this dispute, an actual and justiciable controversy exists between the plaintiff and CL.

WHEREFORE, the plaintiff requests that the Court enter judgment:

a.      Declaring that the plaintiff's registration and use of the domain name "corinthians.com" is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. §1125(d);

b.      Declaring that the plaintiff is not required to transfer the registration for the domain name "corinthians.com" to CL;

c.      Awarding plaintiff his costs and attorney's fees; and

d.      Providing all such other and further relief as the Court deems just and proper.

**Request for Jury Trial**

Plaintiff requests a jury trial on all issues triable by a jury.

Respectfully submitted,

Jay David Sallen,
By his attorney,

Linda A. Harvey BBO#547994
Attorney at Law
One Elm Square
Andover, MA 01810
978-470-4646